UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------

CRAIG L. JONES,

       Petitioner,

vs.

WARDEN COAKLEY, F.C.I. ELKTON

       Respondent.

CASE NO. 4:12-CV-2363

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    The above-captioned petition was filed *pro se* by petitioner Craig L. Jones pursuant to 28 U.S.C. § 2241. Jones, who was imprisoned at the Federal Correctional Institute in Lisbon, Ohio (F.C.I. Elkton) when the Petition was filed, sought immediate release from confinement. Jones argued he did not knowingly enter his guilty plea to conspiracy and was, therefore, actually innocent.

    Jones was indicted on January 12, 2010 in the United States District Court for the Eastern District of Tennessee. *See United States v. Williams, et al*, No.3:10cr0006 (E.D. Tenn.)(Phillips, J.) On August 10, 2010, he pleaded guilty to one count of Conspiracy to Distribute and Possess with Intent to Distribute Five Hundred Grams or more of Methamphetamine. *Id.* (Doc. No. 44). The court sentenced him on January 25, 2011 to serve 96 months imprisonment, followed by a five-year

term of supervised release. There is no record of Jones filing an appeal or a collateral attack on his conviction or sentence.

In the Petition before the Court, Jones argues that the guilty plea he entered was unconstitutional. He claims that when he and co-defendant Ahmed Williams were arrested by DEA agents while traveling in "a cab from Houston, Texas to Washington, D.C.," Jones believed they were planning to attend a party in Phoenix, Arizona. He maintains this was a critical fact that the prosecution ignored. If the trial court had properly considered this information relevant to his intent, Jones argues that no conspiracy could exist because he never agreed to distribute drugs with Williams.

Upon review of the docket entries in Jones's criminal case, the Court takes notice of a letter filed by Warden Coakley on January 11, 2013.[1] *Id*. (Doc. No. 69). In the letter, the warden advises District Court Judge Thomas W. Phillips that Jones was pronounced dead at the University of Pittsburgh Medical Center in Pittsburgh, Pennsylvania on January 6, 2013..

When a criminal judgment no longer affects the legal rights of a convicted person, any challenge to the constitutionality of that conviction no longer presents a "case or controversy." *See, e. g., North Carolina v. Rice*, 404 U.S. 244(1971); *United States v. Bohling*, 399 F.2d 305 (6th Cir. 1968). Because no controversy exists for this Court to resolve, *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982) (Article III of the Constitution limits 'judicial power' to the resolution of 'cases' and 'controversies'), Jones's request for

---

[1] For purposes of addressing procedural history, details of a Petitioner's criminal case may be garnered from the Public Access to Court Electronic Records (PACER) system. *See C.B. v. Sonora Sch. Dist.*, 691 F.Supp.2d 1123, 1138 (E.D.Cal.2009).

habeas relief is rendered moot by his death. *See United States Parole Commission v. Geraghty*, 445 U.S. 388, 395(1980) (mootness exists, in part, 'when the issues presented are no longer "live").

Based on the foregoing, the Petition is DISMISSED as moot. The Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: April 11, 2013            *s/    James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE